## S. M. WELD & Co. *v.* AUSTIN.

### [65 South. 247.]

1. GAMING. *Gambling contracts. Dealing in futures. Recovery of payments. Pleading. Necessity of pleading set-off. Code* 1906, *section* 2303.

   Under Code section 2303, so providing, contracts for the purchase or sale of commodities for future delivery, the parties not intending an actual delivery, or contracts of the kind commonly called "futures" are not enforceable, and when plaintiff represents defendant in buying and selling cotton for future delivery, and extended him a credit margin and some of the transactions were closed at a profit and others at a loss, payments being made of the differences in price arising out of the rise and fall of the market price above or below the contract price and the facts showed that no actual delivery of the cotton was contemplated, and that the contract was of the kind commonly called "futures" such a contract is condemned by the statute and will not be enforced in the courts.

2. GAMING. *Gambling contracts. Recovery of payments.*

   Under Code 1906, providing that any person making any contract of the kind commonly called "futures" and who by reason thereof shall lose any money and pay or deliver it, may recover such money from the person "knowingly" receiving it, the knowledge of a cotton broker's agent through whom negotiation and dealings in future were had, was the knowledge of the broker.

3. PLEADING. *Set-off. Necessity of pleading.*

   Where in a suit on a contract, defendant plead that the contract was one of the kind commonly called "futures," and claimed a set-off for money paid thereunder, and the replication simply denied the indebtedness, and made no reference or claim to money paid under the contract by plaintiff to defendant and plaintiff filed no pleading in the nature of a set-off or counterclaim, the amount paid under the contract by plaintiff to defendant could not be credited on the amount of defendant's counterclaim.

APPEAL from the circuit court of Panola county.
HON. N. A. TAYLOR, Judge.

Suit by S. M. Weld & Co. against J. C. Austin. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Henry Craft,* and *L. F. Rainwater,* for appellants.

*Shands & Montgomery,* for appellee.

REED, J., delivered the opinion of the court.

This is a suit brought by appellants, Stephen M. Weld & Co., a firm doing business in the city of New York, against appellee, I. C. Austin, doing business in Panola county, Mississippi, under the firm name of Austin & Co., to recover the sum of one thousand and fifty dollars balance due upon an account for money advanced and loaned by appellants to appellee in the purchase and sale by him of cotton for future delivery.

Appellee filed three pleas to the declaration: (1) The general issue; (2) claiming that the amount sued for was for losses of appellee "on contracts commonly called 'futures,'" and void under the provisions of section 2203 of the Mississippi Code of 1906; and (3) claiming a set-off or counterclaim in the sum of seven hundred and fifty dollars, being the amount lost by appellee and paid to appellants "on contracts commonly called 'futures' and on contracts for the purchase and sale of cotton," which cotton was not intended to be actually delivered in kind and the price paid therefor.

To the second and third pleas appellants filed replications, denying that the losses were on contracts commonly called "futures," and denying any indebtedness to appellee. At the end of the introduction of testimony for both sides the court granted an instruction directing the jury to find for appellee in the sum of seven hundred and fifty dollars.

It is contended by appellants that the facts in this case do not show a violation of the law of this state (section

2303 of the Code of 1906); that the understanding and dealings between appellants and appellee as set forth in the evidence do not establish a contract of the kind commonly called "futures," or a contract for the purchase or sale of a commodity to be delivered at a future date, the parties not intending it to be actually delivered.

Mr. Austin, appellee, made arrangements with George W. Fooshe, who was the agent for Weld & Co. at Memphis, Tennessee, for the handling of the cotton contracts involved in this suit. Mr. Austin was engaged in the business of buying and selling spot cotton in the town of Como, in Panola county, Mississippi. He was solicited by Mr. Fooshe to enter into an agreement whereby Mr. Fooshe would represent him in buying and selling cotton for future delivery, and extend him a credit margin in the transaction. The understanding and agreement between the parties is disclosed by the correspondence. It is shown in the correspondence, made exhibits to the testimony of witnesses, that Mr. Fooshe from time to time reported to Mr. Austin the situation of the cotton futures market, and also that there were transactions between them, whereby deals in future contracts were closed, some at a profit, and more at loss to Mr. Austin. The total amount of seven hundred and fifty dollars was paid by Mr. Austin, through Mr. Fooshe, to Weld & Co. by reason of his losses in these transactions.

From all of the evidence of this case, considered together, it appears that Mr. Austin and Mr. Fooshe, the agent acting for Weld & Co., did not intend, in the deals of the purchasing and selling for future delivery, the actual delivery of the cotton, in kind and the full price therefor paid. The contracts between them fall under the definition of "the kind commonly called 'futures.'" The testimony shows that payments made under the contracts were the payments of "differences in prices arising out of the rise and fall of the market price above or below the contract price." Such contracts are con-

demned by the statute to be not enforced by any court. *Ascher & Baxter* v. *Moyse & Co.*, 101 Miss. 36, 57 So. 299.

These contracts are not relieved of their invalidity through appellants sending to appellee a memorandum of the transaction had with Mr. Fooshe, their agent, containing the following:

"Please take notice that all orders for the purchase and sale of cotton for future delivery are received and executed with the distinct understanding that actual delivery is contemplated and the party giving the order so understands and agrees."

The name of the party to whom he was to make delivery where the future contract of sale was closed, or from whom he was to receive the cotton in the case of a purchase, is not given in the several copies of the memorandum in the record. There was also this additional provision in the memorandum:

"It is further understood that on all marginal business the right is reserved to close transactions without notice when margins are near exhaustion."

The business dealings between the parties to this suit were terminated by the closing of two transactions of purchase and sale of future cotton without the direction of appellee, because his margins were exhausted.

The court did not err in directing the jury to find for appellee in the sum of seven hundred and fifty dollars. The offset or counterclaim was properly and duly presented in appellee's second plea, to which replication was filed and issue was joined. Appellee was entitled to recover under the statute (section 2303 of the Code of 1906) providing that any person who makes a future contract, and shall lose or pay any money by reason thereof, may sue for and recover such money from the person knowingly receiving the same. The knowledge of Mr. Fooshe, the agent, and through whom all negotiations and dealings were had, was the knowledge of his principal, Weld & Co.

It is contended that, if appellants were liable for the seven hundred and fifty dollars claimed in the offset, then under their replication to the plea they should have been credited with the amount of three hunudred and sixty dollars, which had been paid appellee. The replication simply denies the indebtedness of seven hundred and fifty dollars, and makes no reference or claim to the three hundred and sixty dollars. Appellants failed to file any pleading in the nature of a set-off or counterclaim for the amount. Therefore no judgment therefor could be entered in their favor.

*Affirmed.*